UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-22434-CIV-MORENO**

ELIZABETH GINER,

       Plaintiff,

vs.

ALLSTARS INSURANCE PARTNERS, INC.
d/b/a ESTRELLA INSURANCE, and
GUDELIO FUNDORA,

       Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE TO THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss the Amended Complaint. The Court has considered the motion, the response in opposition, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion to dismiss is GRANTED with respect to Plaintiff's Title VII claim, and the case REMANDED to the Circuit Court for the Eleventh Judicial Circuit of Florida. As explained below, Plaintiff failed to plead or demonstrate that Defendants ever received notice of the filing of the initial complaint, such that the relation back doctrine applies to her claim.

### I. BACKGROUND

On November 1, 2016, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission complaining that her employer "made unwelcome sexual advances" to her in the workplace.[1] The commission then sent a Notice of Charge of

---

[1] The Charge of Discrimination, Notice of Charge of Discrimination, and Dismissal and Notice of Rights (i.e., right to sue letter) are documents central to Plaintiff's Title VII claim, and so the Court may, consistent

Discrimination, dated May 15, 2018, to Defendant AllStars Insurance Partners, Inc. After review, the commission mailed a Dismissal and Notice of Rights, dated August 8, 2018, to Plaintiff and her counsel, as well as Defendants' counsel, concluding "[AllStars Insurance Partners, Inc.] employs less than the required number of employees or is not otherwise covered by the statutes." This right to sue letter noted that any claims arising under Title VII had to be filed "**WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost."

On November 6, 2018, ninety days later, Plaintiff filed a two-count complaint, based on the same underlying conduct by her employer, in the Eleventh Judicial Circuit of Florida (case number 2018-37632-CA-01), alleging (1) violations of Chapter 11-A of Code of Miami-Dade County (sexual harassment and retaliation) and (2) assault and battery. There is no evidence in the state docket, nor does Plaintiff attest, that Defendants were served with a copy of the complaint and summons.[2] On May 16, 2019, a little more than six months after filing the initial complaint, Plaintiff filed an amended complaint in the same state court alleging: (1) violations of the Florida Civil Rights Act (sexual harassment and retaliation), (2) violations of Title VII (sexual harassment and retaliation), (3) assault and battery, and (4) false imprisonment. This time around, Plaintiff furnished the Defendants with service of process, and Defendants timely removed the case.

After removing the case, Defendants filed a motion to dismiss, arguing that, first, the Title

---

with prior decisions in this Circuit, consider these documents outside of the pleadings without converting Defendants' motion to dismiss into a motion for summary judgment. *See Hodge v. Orlando Utils. Comm'n*, No. 6:09-cv-1059, 2009 WL 5067758, at *3 (M.D. Fla. Dec. 15, 2009) ("A document not attached to the Complaint, however, may be considered by the Court without converting the motion to dismiss into a motion for summary judgment if that document is (1) central to the plaintiff's claims and (2) undisputed, meaning that the authenticity of the document is not challenged.").

[2] A district court may take judicial notice of another court's docket entries and orders for the purpose of recognizing the filings and judicial acts they represent. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014) (holding district court properly took judicial notice of entries appearing on state court's docket sheet); *Thomas v. Sec'y, Fla. Dep't of Corr.*, 644 F. App'x 887, 888 (11th Cir. 2016) (similar).

VII claim should be barred as untimely. Defendants note that under Title VII, a plaintiff must file his or her complaint within ninety days of receiving the right to sue letter. Here, the Plaintiff only made its Title VII claim for the first time 281 days from receiving the right to sue letter. Defendants then argue that, in any event, the Title VII claim fails on the merits as Defendants do not qualify as a "covered employer" under the statute, and further, that the complaint as a whole should be dismissed for being an impermissible shotgun pleading.[3] In rebuttal, Plaintiff contends that the amended complaint relates back to the initial complaint and is therefore timely, that the Title VII claim does not fail on the merits, and that the complaint is not a shotgun pleading as it sufficiently notifies the Defendants of the critical facts underlying each claim.

The Court now evaluates the motion to dismiss, the response in opposition, and the reply.

## II. <u>STANDARD OF REVIEW</u>

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on a motion to dismiss, a court must view the complaint in a light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Twombly*, 550 U.S. at 555-56. In order to establish a facially plausible claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiff need not provide "detailed factual allegations," but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[3] Given that the Court finds Defendants' first argument persuasive, that the Title VII claim is time-barred by the statute of limitations, the Court declines to address Defendants' separate arguments for dismissal.

# III. ANALYSIS

The Court must decide whether the amended complaint filed in state court sufficiently "relates back" to the initial complaint such that Plaintiff's Title VII claim for sexual discrimination is not time-barred by the applicable statute of limitations. Pursuant to federal law, a plaintiff must file a Title VII claim within ninety days of receiving a right to sue letter from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1). The ninety-day window is a statute of limitations. *Weldon v. Elec. Data Sys. Data Corp.*, 138 F. App'x 136, 138 (11th Cir. 2005). The statute of limitations, in turn, is an affirmative defense, and "'dismissal on such grounds is appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred' and '*only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'" *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (alterations in original) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005)). Should the defendant demonstrate beyond a doubt that the claim is time-barred, adherence to the ninety-day filing rule is strict. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (explaining that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (alteration in original) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

There is no dispute that Plaintiff filed the initial complaint within ninety days of receiving the right to sue letter. But, there is a dispute over whether the amended complaint, filed 281 days after Plaintiff received the right to sue letter, and which asserts a Title VII claim for the first time, relates back to the initial complaint such that the Title VII claim is timely. In order to relate back, an amended complaint must "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P.

15(c)(1)(B). Juxtaposing the initial complaint with the amended complaint, it appears that the Title VII claim arises out of the same underlying conduct or occurrence alleged in the initial complaint. The claim, viewed in a light most favorable to the Plaintiff, is based on the same "unwelcome/unwanted sexual advances, propositions, comments" taking place "during the course and scope of employment" that form the bases of Plaintiff's claims in the initial complaint.[4]

Although not explicitly required in Rule 15(c)(1)(B), courts also inquire into whether the opposing party has been put on notice of the newly-asserted claim or claims raised in the amended pleading. The central purpose behind the relation back doctrine is fair notice of the possibility of new claims being asserted based on the same underlying conduct alleged in the initial complaint. "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Baldwin*, 466 U.S. at 149 n.3 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As such, "[t]he critical issue in Rule 15(c) determinations," the Eleventh Circuit wrote, "is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (citing *Woods Expl. & Producing Co., Inc. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1299-1300 (5th Cir. 1971)). Importantly, the circuit court in *Moore* specifically required notice in the Rule 15(c)(1)(B) context—the same context in which Plaintiff now seeks to invoke the relation back doctrine to add her Title VII claim. *Id.* However, the court did not define the kind of notice necessary to satisfy the relation back doctrine. *Id.*

Other courts in this district and throughout the country, like in *Moore*, require notice in the

---

[4] As previously noted, the Court does not address Defendants' contention that the amended complaint is an impermissible shotgun pleading.

Rule 15(c)(1)(B) context, but do not define, or only vaguely define, that kind of notice. *See, e.g.,*
*Ferretti v. NCL (Bahamas) Ltd.*, No. 17-cv-20202, 2018 WL 3093547, at *3 (S.D. Fla. June 22,
2018) (explaining notice is necessary for relation back and citing *Moore*); *Spillman v. Carter*, 918
F. Supp. 336, 340 (D. Kan. 1996) ("The purpose of Rule 15(c)(2) is accomplished if the original
complaint gives the defendant fair notice that litigation is arising out of a specific factual situation."
(internal quotation marks omitted)); *Wilburn v. Dial Corp.*, 724 F. Supp. 530, 535 (W.D. Tenn.
1989) ("[W]hen a plaintiff files two complaints which arise out of the same facts or transaction,
and the defendant has notice of the plaintiff's allegations within the proscribed statutory time
period, a subsequent complaint may relate back under Rule 15 to the prior one, preventing a time
bar of the second complaint."); *Molokwu v. City of N.Y.*, No. 98Civ.5202(JSM), 2000 WL
1056314, at *1 (S.D.N.Y. Aug. 1, 2000) ("Here, as in *Wilburn*, Plaintiff's original complaint and
his Second Amended Complaint arise out of the same facts and the original complaint provided
the defendants with notice of the substance of his allegations throughout the ninety day period in
which his Title VII and ADA claims were required to be filed."); *see also* 6A Charles Alan Wright,
Arthur R. Miller & Mary Kay Spane, <u>Federal Practice and Procedure</u> § 1497 (3d ed. 2019)
(compiling a list of cases requiring notice in the Rule 15(c)(1)(B) context).

Plaintiff appears to recognize that some kind of notice is required in order for her Title VII
claim to relate back to the initial complaint, conceding that an amended pleading relates back when
"the defendant has notice of the plaintiff's allegations within the proscribed statutory time period."
Plaintiff then argues that the right to sue letter, which the Equal Employment Opportunity
Commission mailed to Defendants' counsel, served as that notice. But, the Court is unpersuaded.
As a court in the Middle District held in *Hodge v. Orlando Utilities Commission*, No. 6:09-cv-
1059, 2014 WL 5067758 (M.D. Fla. Dec. 15, 2009), the "Right to Sue Letter does not support

relating back the Amended Complaint." *Id.* at *7. Without actual notice of the complaint being filed, Defendants "could have reasonably believed that Plaintiff's failure to timely sue was . . . a strategic decision." *Id.* (citing *Powers v. Graff*, 148 F.3d 1223, 1227 (11th Cir. 1998)). Perhaps, Plaintiff preferred to litigate her claims in state rather than federal court. *See also Baldwin*, 466 U.S. at 149 n.3 (opining that the mere filing of the right to sue letter did not toll the statute of limitations for relation back purposes because the filing failed to give "fair notice" of the lawsuit).

Plaintiff further relies on two cases to argue that the relation back doctrine applies. First, she cites *Sessions v. Rusk State Hospital*, 648 F.2d 1066 (5th Cir. 1981). But there, in denying the defendant's motion to dismiss the Title VII claim, the former Fifth Circuit wrote, in no unclear terms, that "[s]o long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant *for the original complaint furnished adequate notice of the nature of the suit.*" *Id.* at 1070 (emphasis added).[5] Second, Plaintiff cites *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402 (7th Cir. 1989). But there, the Seventh Circuit allowed relation back due, in part, to the defendant *"receiv[ing] notice* that an employment discrimination claim was pending against it when plaintiff filed her state court claim in state court." *Id.* at 410 (emphasis added). The court then cited *Sessions*, quoting the same language above that requires adequate notice of the nature of the suit in order for the relation back doctrine to apply. *Donnelly*, 874 F.2d at 410.

Accordingly, because the Plaintiff concedes that some kind of notice is necessary for the relation back doctrine to apply, and no notice was provided, Plaintiff's Title VII claim is untimely. While the Court is not aware of any case detailing the kind of notice necessary for the relation back doctrine to apply, it is clear upon a review of the relevant jurisprudence that some kind of

---

[5] The Eleventh Circuit has adopted all opinions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

notice is necessary, and here the Plaintiff failed to provide any. The Court has surveyed the relevant state court docket and has found only receipt of service of the amended complaint, not the initial complaint. As explained in an analogous scenario dealing with Federal Rule of Civil Procedure 15(c)(1)(C), which governs relation back of newly-added defendants, "[w]here service of the original complaint is perfected . . . there is adequate notice of the action to that party" for purposes of determining whether an amended pleading relates back to the initial complaint. *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980), *abrogated on other grounds by Schiavone v. Fortune, AKA Time, Inc.*, 477 U.S. 21 (1986)). Conversely, where service of a complaint is not perfected, there is generally no adequate notice to the defendant for purposes of relation back.[6]

## IV. CONCLUSION

Because Plaintiff failed to provide notice of filing the initial complaint, her Title VII claim, made for the first time 281 days after receipt of the right to sue letter, is untimely. The primary purpose of a statute of limitations defense is to compel the filing of a complaint within a reasonable period of time so that the defendant will have a fair opportunity to present his or her defense. *See Jacobs v. Estefan*, 705 F. App'x 829, 830 (11th Cir. 2017). Here, without fair notice of the filing of the complaint, Defendants lacked that fair opportunity to present their defense.

Having dismissed the Title VII claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Therefore, it is

**ADJUDGED** that

---

[6] To be clear, the Court is not holding that service of process alone is necessary to provide notice. Perhaps less formal means would suffice. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Spane, Federal Practice and Procedure § 1497 (3d ed. 2019) (compiling cases allowing notice by means other than service and writing: "It is unwise to place undue emphasis on the particular way in which notice is received. . . . [T]he better approach is to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered . . . ."). Here, after being provided with an opportunity to rebut Defendants' contention that there was no notice of the filing of the initial complaint, Plaintiff failed to do so.

(1). Defendants' Motion to Dismiss the Amended Complaint is GRANTED;

(2). the case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit of Florida. The Clerk of the Court shall CLOSE this matter and shall take all necessary steps and procedures to effect the expeditious remand of the above-styled action; and

(3). all pending motions are DENIED as MOOT.


DONE AND ORDERED in Chambers at Miami, Florida, this ___19th___ of November 2019.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record